UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| JACQUELINE POUNDERS,<br>1503 11th St NW Apt 3<br>Washington DC 20001<br>　　　　Plaintiff,<br>　vs.<br><br>ALLIED ACCOUNT SERVICES, INC.<br>422 Bedford Avenue<br>Bellmore, NY 11710-3564<br>　　　　Defendant. | Case No.<br><br>Judge<br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff JACQUELINE POUNDERS, through her counsel, respectfully prays for Judgment of this Honorable Court against Defendant ALLIED ACCOUNT SERVICES, INC. for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq*.  Plaintiff alleges, on information and belief and based on investigation of her counsel, as follows.

### JURISDICTION AND VENUE

1.　　This Court has original jurisdiction in this action by virtue of 28 U.S.C. § 1331, because the matter in dispute involves federal laws arising under the FDCPA, 15 U.S.C. § 1692(k).  This Court also has supplemental jurisdiction over the state law claim because it arises under a common nucleus of operative fact.  28 U.S.C. § 1367.

2.　　Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction and thus deemed to reside in this district under 12 U.S.C. § 1391(c) and a substantial cause of action occurred within this district.

### PARTIES

3.　　Plaintiff is a natural person and a consumer who resides at 1503 11th St NW, Apt

#3 in the District of Columbia.

4. On information and belief, Defendant Allied Account Services, Inc.("AAS") is a New York corporation with a main office at 422 Bedford Avenue, Bellmore, NY 11710.  AAS is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

5. On May 20, 2010, Fordham University ("Fordham") summoned Plaintiff, a 21 year-old college senior, to the financial aid office and told her that she would have to pay $22,672.16 immediately or that she would not be allowed to take her remaining final exams or graduate from university.

6. Fordham told Plaintiff that her only option was to sign a promissory note to pay the tuition in twelve monthly payments of $1,857.33.

7. Plaintiff told Fordham that she could not afford to make those payments because she did not have a job and her family was not in a financial position to help with the payments.  Fordham promised to work out a reasonable payment plan after graduation if Plaintiff would execute the Note.

8. On or about May 20, 2010, Plaintiff and Fordham signed the document entitled a "Special Payment Arrangement Promissory Note" ("Note").  *See* Ex. A.

9. The Note does not provide for the imposition of interest or a finance charge.  The Note also does not disclose the method of calculating any late fee or whether a penalty would be imposed for prepayment under the Note.

10. On information or belief, the alleged debt was placed for collection with Defendant.

11. On information and belief, Defendant placed the account for collection with Professional Recovery Management, Inc. ("PRM").

12. The purported debt that the Defendant attempted to collect from Plaintiff is a consumer debt because the debt allegedly incurred for educational expenses that were for personal, household, or family purpose.

13. On information and belief, PRM acted as Allied's agent in its debt collection activities related to the alleged debt. Allied is responsible for the conduct and violations of its agent in its attempts to collect the alleged debt.

14. On or about March 16, 2012, Plaintiff received a dunning letter from PRM, dated March 9, 2012 ("March 9th letter"), stating that the amount due was $34,008.24. *See* Ex. B.

15. On March 30, 2012, Plaintiff sent a letter to PRM requesting validation of the debt pursuant to 15 U.S.C. § 1692g. *See* Ex C.

16. On April 5, 2012, PRM sent Plaintiff a letter stating "Our office is in receipt of your letter of dispute pursuant to 15 U.S.C. & 1681s-2 of the FAIR CREDIT REPORTING ACT. Please be advised. We have ceased collection of this account and have returned the account to our client." *See* Ex. D The April 5th letter also stated "Total amount owed: $34,008.24" and included a line stating "01569939  Allied Account Services, Inc.  $34008.24" *See* Ex D.

17. On information or belief, PRM sent the account back to Allied when it received the Plaintiff's letter requesting verification of the debt.

18. On or about September 14, 2012, Plaintiff received a dunning letter from Defendant, dated September 10, 2012 ("September 10th, letter"). *See* Ex E.

19. The September 10th letter reflected a principal amount of $22,672.16 and "Other Amount" of $11,336.08, for a Total Amount of $34,008.24.

20. The September 10th letter did not include any verification notice.

21. The September 10th letter stated "we have been authorized by our client[ ] to refer your account to an attorney for legal review. If you wish to avoid the aforementioned, you must contact us upon receipt of this notice."

22. Plaintiff immediately contacted the Defendant upon receipt of the September 10th letter but the original creditor, Fordham University, filed a complaint against Plaintiff on December 11, 2012.

23. On October 11, 2012, Plaintiff sent a letter to Defendant requesting validation of the debt pursuant to 15 U.S.C. § 1692g.  *See* Ex F.

24. Defendant attempted to collect $34,008.24 from the Plaintiff, an amount that exceeded the alleged balance due to Fordham University by $11,720.38.

25. On information and belief, PRM acted as Defendant's agent in its debt collection activities related to the alleged debt.  Defendant is responsible for the conduct and violations of its agent in its attempts to collect the alleged debt.

26. On or about March 11, 2013, Plaintiff filed suit against PRM in the United States District Court for the District of Columbia, case number 1:13-cv-00318.  After that date, Plaintiff discovered that PRM had acted as Allied's agent in its debt collection conduct.

**CLAIMS FOR RELIEF**

**COUNT I—MISREPRESENTING THE AMOUNT OF THE DEBT**

**(15 U.S.C. § 1692e)**

27. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 26 in this paragraph.

28. Section 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt and provides a non-exclusive list of practices deemed to be unlawful under the Act.  Specifically, section 1692e(2)(A) prohibits the "false representation of the character, amount or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

29. The alleged debt Plaintiff owed to Fordham University was $22,672.16.

30. Defendant represented that the total amount owed was $34,008.24.

31. Defendant made a false representation of the amount of the debt in violation of 15 USC § 1692e(2) when it stated that the total amount owed was $34,008.24.

WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

a. Statutory and actual damages under 15 U.S.C. § 1692k;

b. Reimbursement of Plaintiff's attorney's fees and cost; and

c. Any other and further relief this Court deems just and proper.

## COUNT II—CHARGING UNAUTHORIZED INTEREST AND FEES
## (15 U.S.C. § 1692f)

32. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 31 in this paragraph.

33. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt and provides a non-exclusive list of practices deemed to be unlawful under the Act.  Specifically, section 1692f(1) prohibits the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

34. Defendant violated § 1692f in that it attempted to collect from Plaintiff $11,336.08 in "other amount" not permitted by law or authorized by the agreement that created the alleged debt.  15 U.S.C. §1692f(1).

WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

a. Statutory and actual damages under 15 U.S.C. § 1692k;

b. Reimbursement of Plaintiff's attorney's fees and cost; and

c. Any other and further relief this Court deems just and proper.

## COUNT III — FAILURE TO PROVIDE VALIDATION NOTICE
## (15 U.S.C. § 1692g)

35. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 34 in this paragraph.

36. § 1692g(a) requires a debt collector to send a written notice containing specific information. A failure to include any of the requirements is a violation of the FDCPA. 15 U.S.C. § 1692g.

37. Defendant violated Section1692g(a) by failing to include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion therof, the debt will be assumed to be valid by the debt collector."   15 U.S.C. § 1692g(a)(3).

38. Defendant violated Section 1682g(a) when it failed to include the statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a

judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

    a. Statutory and actual damages under 15 U.S.C. § 1692k;

    b. Reimbursement of Plaintiff's attorney's fees and cost; and

    c. Any other and further relief this Court deems just and proper.

## COUNT IV – THREATENING AN ACT THAT CANNOT LEGALLY BE TAKEN
## (15 U.S.C. § 1692e)

39. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 38 in this paragraph.

40. § 1692e prohibits false, deceptive, or misleading representation with collection of debts and specifies that it is a violation if a debt collector threatens "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

41. Defendant threatened to take action that it cannot legally take when it failed to provide a verification notice to Plaintiff in its September 10th letter and threatened to have the account referred to an attorney for legal review. The letter implied a lawsuit and instructed Plaintiff to contact Defendant to avoid having the account referred to an attorney.

WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

    a. Statutory and actual damages under 15 U.S.C. § 1692k;

    b. Reimbursement of Plaintiff's attorney's fees and cost; and

    c. Any other and further relief this Court deems just and proper.

## COUNT V — FAILURE TO CEASE COLLECTION ACTIVITIES AFTER DISPUTE

## (15 U.S.C. § 1692g – ALL DEFENDANTS)

42. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 41 in this paragraph.

43. On March 16, 2012, Plaintiff received an initial communication from PRM, including the required 1692g disclosures.  *See* Ex. B.

44. On March 30, 2012, Plaintiff sent a letter to PRM disputing the debt and request validation of the debt under Section1692g.  *See* Ex. C.

45. On April 5, 2012, before verifying the debt, PRM sent a letter to Plaintiff stating that it was ceasing collection activities and returning the account to its client.  *See* Ex. D.

46. The April 5th letter was an attempt to collect on the debt because it stated "Total amount owed $34,008.24" and "Allied Account Services, Inc.  $34,008.24." *See* Ex. D.

47. On information and belief, PRM returned the account to Defendant when it received Plaintiff's verification request.  Allied knew, or should have known, that Plaintiff had requested that its agent verify the debt as required by 1692g.

48. Defendant's September 10th letter violated Section1692g by continuing collection efforts before obtaining a verification of the debt and providing such verification to the Plaintiff. 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

    a. Statutory and actual damages under 15 U.S.C. § 1692k;

    b. Reimbursement of Plaintiff's attorney's fees and cost; and

    c. Any other and further relief this Court deems just and proper.

## COUNT VI – DC CONSUMER PROTECTION PROCEDURES ACT
### (D.C. Code § 28-3901 *et seq*)

49. Plaintiff re-states, re-alleges, and incorporates by reference paragraphs 1 through 48 in this paragraph.

50. The D.C. Consumer Protection Procedures Act ("DCCPPA") prohibits the use of trade practices in violation of D.C. law, and specifically enumerates a number of prohibited unfair trade practices. D.C. Code § 28-3901 *et seq*.

51. Defendant made material misrepresentations that had a tendency to mislead in violation of D.C. Code § 28-3904(e), including the following:

   a. Stating that the total amount owed was $34,008.24, when in fact it was not; and

   b. Stating that Plaintiff should contact the Defendant upon receipt of the September 10 letter if she wishes to avoid having her account referred to an attorney for legal review.

52. Defendant failed to disclose material facts which failure had a tendency to mislead in violation of D.C. Code § 28-3904(f), including the following:

   a. failing to include the basis for calculating the amount claimed as due;

   b. failing to identify what the "other amount" of $11,336.08 consists of; and

   c. stating Plaintiff should contact the Defendant upon receipt of the notice to avoid having her account referred to an attorney for legal review when the account could be referred to an attorney regardless.

53. As a result of the foregoing violations of the DCCPPA, defendant is liable to the plaintiff for declaratory judgment that defendants' conduct violated the CPPA, injunctive relief prohibiting its unlawful trade practices, actual damages, statutory damages, and costs and

attorney fees.

      WHEREFORE, Plaintiff JACQUELINE POUNDERS respectfully prays this Court for a judgment against Defendant ALLIED ACCOUNT SERVICES, INC. for the following relief:

    a. Statutory and actual damages under D.C. Code § 28-3906(k);

    b. Injunctive relief prohibiting use of the unfair trade practices;

    c. Reimbursement of Plaintiff's attorney's fees and cost; and

    d. Any other and further relief this Court deems just and proper.

Dated: **September 13, 2013**

                Respectfully Submitted,
                JACQUELINE POUNDERS

          By: /s/ Reid D. Henderson
                Reid D. Henderson, Counsel for Plaintiff
                RDH Law P.C.
                1425 K St NW #350
                Washington, DC 20005
                (202) 670-9129 | (202) 280-1417 (fax)
                reid@rdhlawpc.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLUMBIA

| | |
|---|---|
| JACQUELINE POUNDERS,<br>1503 11th St NW Apt 3<br>Washington DC 20001<br>　　　　Plaintiff,<br><br>vs.<br><br>ALLIED ACCOUNT SERVICES, INC.<br>422 Bedford Avenue<br>Bellmore, NY 11710-3564<br>　　　　Defendant. | Case No.<br><br>Judge<br><br><br>Jury Demanded |

## JURY DEMAND

　　　　Plaintiff, by and through her undersigned attorney, hereby demands trial by jury on all issues triable herein pursuant to FRCP 38(b).

DATED: Washington, District of Columbia, September 13, 2013

　　　　　　　　　　　　　　　　　/s/ Reid D. Henderson
　　　　　　　　　　　　　　　　　Reid D. Henderson, Counsel for Plaintiff
　　　　　　　　　　　　　　　　　RDH Law P.C.
　　　　　　　　　　　　　　　　　1425 K St NW #350
　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　(202) 670-9129 | (202) 280-1417 (fax)
　　　　　　　　　　　　　　　　　reid@rdhlawpc.com

*default send letter 2/10/10   9/30/10*

**Special Payment Arrangement Promissory Note** 1/19/10
**FORDHAM UNIVERSITY**
Eligibility is subject to acceptance by the University. There is a $35.00 administrative charge.

Student's Name: **Pounders**, **Jacqueline**   S.S.#: ___-__-1653

I, Jacqueline Pounders, promise to pay Fordham University ("University") located at: 441 E. Fordham Road, Bronx, NY 10458, $ 22,287.96 as scheduled below. This amount represents tuition charges, fees, and other charges incurred as a result of my attendance at the University. I will also pay to the University any and all attorney fees, reasonable collection costs and other charges necessary for the collection of any amount not paid when due. Make checks payable to: Fordham University. Be sure to include student's Social Security number on the check. Note: If payment is forwarded to the University's GPO Box, payment should be mailed nine days prior to the date of registration, or final date noted below.

**Payment Schedule**
Payable Amounts: $ 1,857.33
Due Dates (mm/dd/yy): 6/1/10, 7/1/10, 8/1/10, 9/1/10, 10/1/10, 11/1/10, 12/1/10, 1/1/11, 2/1/11, 3/1/11, 4/1/11, 5/1/11

Additional payment information: I understand that I am making this payment arrangement on an outstanding account balance. If I default on a payment I understand that I will be unable to obtain a copy of my transcript & diploma until such time that my outstanding account balance is paid in full. I also understand that if anticipated and/or estimated financial aid is included in this payment arrangement, and/or my loans are denied or cancelled, and/or financial aid is not applied to my account, I am responsible for paying the entire outstanding account balance in full.

I am responsible for making payment on or before the due date noted above without any notice or bill from the University. I will include student's name and social security number on all payment(s) and correspondence. I will inform the University of any change in my name, address or telephone number.

**DEFAULT:**
Default is defined as failure to remit payment amount by the due date above.
a. In the case of default, at its option, the University may demand immediate payment of the entire unpaid balance, including late charges, if any, without prior notice to the Student.
b. I understand that if I default on my payment, I may jeopardize current and all future registrations and receipt of all services, including but not limited to grade reports, transcripts and diploma. Waiver of this provision by the University shall not be construed or operate as a waiver of the University's right to withhold services in the event of a future default.
c. I understand that if I default on my payment the University may disclose that I have defaulted, and provide along with other pertinent information regarding my account to credit reporting agencies.
d. I understand that the University may charge a late payment fee if I fail to make payments by the due date. The amount of the late payment fee will be based on the fee rate in effect at the time payment becomes delinquent.
e. I understand that in the case of default the University may refer this amount to a collection agency or litigate to insure payment, and as noted above, I will be responsible for all attorney fees, reasonable collection costs, and other charges necessary for the collection of any amount unpaid, when due.

I understand and accept this debt as an educational loan obligation to repay Fordham University for the cost of my education and that this debt cannot be legally discharged in any bankruptcy proceeding.

I certify that the personal information noted below is true and accurate, and further acknowledge my obligation to notify the Fordham University Office of Student Financial Services, or if applicable, the "Collections" office, of any changes.

NOTE: DO NOT SIGN THIS DOCUMENT BEFORE YOU READ IT. AT YOUR REQUEST, THE UNIVERSITY MUST PROVIDE YOU WITH A COPY OF THIS NOTE.

Print Name: **Jacqueline Pounders**   Home Phone Number: (615) 228-0915
SIGNATURE: *Jacqueline Pounders*   Date: May 20, 2010
PERMANENT ADDRESS: 1125 Riverwood Dr, Nashville, TN 37216

OFFICE USE ONLY   CSR print name: Caroline Freire   CSR Signature: *Freire*   DATE: 5/20/10
Manager: S Tennille Signature: *ST*   Date: 5/20/10   PROMNR: 04922-646
☐ TSAACCT ☐ SFACMNT ☐ D.E. ☐ Supporting Documentation


PLAINTIFF'S EXHIBIT A

Received 3/16/12

# FOX COLLECTION CENTER

P O BOX 528
GOODLETTSVILLE, TN 37070-0528
615-559-4015   TOLL FREE 1-888-633-0384

JACQUELINE POUNDERS                  ACCOUNT:01569939 PIN:52866
1503 11TH ST NW APT 3

WASHINGTON, DC 2001-3215

```
          DATE: MAR 09, 2012
          RE:   FORDHAM UNIVERSITY
          FOR:  TUITION
          ACCT: 11900343
AMOUNT DUE:     $34008.24
```

FORDHAM UNIVERSITY                has referred your account to this office for collection. Please remit payment in full.

**If you have any questions, please call 615-559-4015.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

North Carolina Permit No. 104308

There will be a $39.00 service charge on any returned check and a $3.00 convenience fee added on all check by phone payments and credit card payments.



PLAINTIFF'S EXHIBIT B

March 30, 2012

Jacqueline Pounders
1503 11th Street NW
Apt. 3
Washington, DC 20001

Fox Collection Center
P.O. Box 528
Goodlettsville, TN 37070

Re: Account # 01569939

To Whom It May Concern:

    I am sending this letter in response to a notice from your office dated March 9, 2012, which I received on March 16, 2012. Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

    This is *not* a request for verification or proof of my mailing address, but a request for *validation* made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you the amount that you have claimed I owe.

    Please provide me with the following information:

- What the money you claim I owe is for,
- Explain and show how you calculated what you claim I owe,
- Provide me with any and all copies of papers showing I agreed to pay what you claim I owe,
- Identify the original creditor,
- Prove the Statue of Limitations has not expired on this account,
- Provide evidence that you are licensed to collect in my state, and
- Provide me with your license numbers and Registered Agent.

    If your offices have reported invalidated information to any of the three major Credit Bureaus, said action might constitute fraud under both Federal and State laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company that you represent, I will not hesitate to bring legal action against you.

    If your offices are able to provide the proper documentation as requested, I will require at least 30 days to investigate this information and, during such a time, all collection activity must cease and desist. Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel.


PLAINTIFF'S EXHIBIT C

Fox Collection Center
March 30, 2012
Page 2 of 2

    If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

    I would also like to request that no telephone contact be made by your office to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer-generated calls or correspondence sent to any third parties, it will be considered harassment and reported as such. All future communications with me *must* be done in writing and sent to the address noted in this letter.

                                      Sincerely,

                                        *[signature]*

                                      Jacqueline Pounders

```
                    FOX COLLECTION CENTER
                          P O BOX 528
                   GOODLETTSVILLE, TN 37070-0528
             615-559-4015        Toll Free 888/633-0384
```

APR 05, 2012

JACQUELINE POUNDERS    01569939
1503 11TH ST NW APT 3

WASHINGTON, DC 20001

| | | |
|---|---|---|
| 01569939 | ALLIED ACCOUNT SERVICES, INC | $34008.24 |
| | Total amount owed: | $34008.24 |

Our office is in receipt of your letter of dispute pursuant to 15 U.S.C. & 1681s-2 of the FAIR CREDIT REPORTING ACT. Please be advised. We have ceased collection of this account and have returned the account to our client.

Should you have any questions regarding this matter please feel free to contact us at the number listed.

Very Truly Yours,

FOX COLLECTION CENTER

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. This collection agency is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.



PLAINTIFF'S EXHIBIT D

FROM:  
422 BEDFORD AVENUE  
BELLMORE, NY 11710-3564

4 5 00001474  
176396



**ALLIED ACCOUNT SERVICES INC**  
516-783-9500  
877-530-5725 ext 111  
Mon - Thurs 9am - 5pm  Fri 9am - 4

09/10/12

11900343    AA4    FOR11C    88  
JACQUELINE POUNDERS  
1503 11TH ST NW  
APT 3  
WASHINGTON DC 20001-3215

| Creditor | Creditor's Account Number | Principal Amount | Interest Amount | Other Amount | Total Amount Due |
|---|---|---|---|---|---|
| FORDHAM UNIVERSITY/TUIT-46 | 04922646-CQ | $22,672.16 | $0.00 | $11,336.08 | $34,008.2 |
| Total Amount for all Accounts | | | | | $34,008.2 |

As of this date, your above referenced account(s) remains seriously delinquent. Since you have not resolved this matter voluntarily, we have been authorized by our client, to refer your account to an attorney for legal review. If you wish to avoid the aforementioned, you must contact us upon receipt of this notice.

This communication is from a debt collector. We are a debt collection agency attempting to collect a debt. Any information obtained will be used for that purpose.

Please contact your account representative  at the number printed above.

Please reference our account # 11900343

• DETACH HERE •                                                             • DETACH HERE •

| Creditor | Creditor's Account Number | Principal Amount | Interest Amount | Other Amount | Total Amount Due |
|---|---|---|---|---|---|
| FORDHAM UNIVERSITY/TUIT-46 | 04922646-CQ | $22,672.16 | $0.00 | $11,336.08 | $34,008.2 |
| Total Amount for all Accounts | | | | | $34,008.2 |

11900343    AA4    FOR11C    88  
JACQUELINE POUNDERS  
1503 11TH ST NW  
APT 3  
WASHINGTON DC 20001-3215

Toll Free # - 877-530-5725  
▼ *SEND CHECK OR MONEY ORDER TO* ▼

ALLIED ACCOUNT SERVICES INC.  
422 BEDFORD AVENUE  
BELLMORE, NY 11710-3564



PLAINTIFF'S EXHIBIT  
E

176396  
AAS88

October 8, 2012

Jacqueline Pounders
1503 11th Street NW
Apt. 3
Washington, DC 20001

Allied Account Services Inc.
422 Bedford Avenue
Bellmore, NY 11710

Re: Account # 11900343

To Whom It May Concern:

I am sending this letter in response to a notice from your office dated September 10, 2012, which I received on September 14, 2012. Be advised, this is not a refusal to pay, but a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is *not* a request for verification or proof of my mailing address, but a request for *validation* made pursuant to the above named Title and Section. I respectfully request that your office provide me with competent evidence that I have any legal obligation to pay you the amount that you have claimed I owe.

Please provide me with the following information:

- What the money you claim I owe is for,
- Explain and show how you calculated what you claim I owe,
- Provide me with any and all copies of papers showing I agreed to pay what you claim I owe,
- Identify the original creditor,
- Prove the Statute of Limitations has not expired on this account,
- Provide evidence that you are licensed to college in my state, and
- Provide me with your license numbers and Registered Agent.

If your office has reported invalidated information to any of the three major Credit Bureaus, said action might constitute fraud under both Federal and State laws. Due to this fact, if any negative mark is found on any of my credit reports by your company or the company you represent, I will not hesitate to bring legal action against you.


PLAINTIFF'S EXHIBIT
F

Allied Account Services Inc.
October 8, 2012
Page 2 of 2

If your office is able to provide the proper documentation as requested, I will require at least 30 days to investigate this information and, during such a time, all collection activity must cease and desist. Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel.

If your office fails to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

I would also like to request that no telephone contact be made by your office to my home or to my place of employment. If your office attempts telephone communication with me, including but not limited to computer-generated calls or correspondence sent to any third parties, it will be considered harassment and reported as such. All future communications with me *must* be done in writing and sent to the address noted in this letter.

I first received notice of this alleged debt from Fox Collection Center (located in Goodlettsville, TN) on March 9, 2012 in the form of a letter delivered via USPS. I responded to said letter with a request for validation on March 30, 2012. My request was delivered via USPS certified mail on April 2, 2012. In April, I received two letters from Fox Collection Center. The first acknowledged receipt of my letter, and the second indicated that they were closing the matter.

Sincerely,

*Jacqueline Pounders*
Jacqueline Pounders

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Allied Account Services
   422 Bedford Ave.
   Bellmore, NY 11710

2. Article Number
   (Transfer from service label)

   7011 3500 0003 6766 6810

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _/s/ Connor_   ☒ Agent   ☐ Addressee

B. Received by (Printed Name): T. Connor
C. Date of Delivery: 10/11/12

D. Is delivery address different from item 1?  ☐ Yes  ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Jacqueline Pounders
1503 11th St. NW
Apt. 3
Washington, DC 20001